UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ALEUTIAN PRIBILOF ISLANDS ASSOCIATION, INC.,** | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Civil Action No. 06-2173 (CKK)<br>) |
| **DIRK KEMPTHORNE,**<br>Secretary of the Interior,<br>United States Department of the Interior, et al., | )<br>)<br>)<br>) |
| Defendants. | )<br>)<br>) |

**AMENDED ANSWER AND AFFIRMATIVE DEFENSES**

Defendants, Dirk Kempthorne, Secretary of the Interior, United States Department of Interior; Niles Cesar, Regional Director, Alaska Region, Bureau of Indian Affairs, United States Department of the Interior; and Bureau of Indian Affairs, Office of Self-Governance, United States Department of the Interior ("Defendants"), by and through undersigned counsel, hereby answer Plaintiff's Complaint as follows:

FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

SECOND DEFENSE

This Court lacks jurisdiction over the subject matter because Plaintiff failed to exhaust administrative remedies, as established by the admitted allegations of Paragraph 37 of the Complaint.

ANSWER

INTRODUCTION

In response to the numbered paragraph of the Complaint, Defendants respond as follows:

1. Paragraph 1 characterizes Plaintiff's Complaint, and as such requires no response. To the extent it is deemed to contain factual allegations, the same are denied.

PARTIES

2. Defendants admit the allegations of the first sentence of paragraph 2 of the Complaint. Defendants are without information sufficient to admit or deny the allegations of the second and third sentences, and therefore deny the same.

3. Defendants admit the allegations in paragraph 3 of the Complaint.

4. Defendants admit that Niles Cesar is the Regional Director, but deny that the Bureau of Indian Affairs ("BIA") enters into funding agreements, because those agreements are in fact executed by the Office of Self-Governance on behalf of the Secretary of the Department of the Interior.

5. Defendants admit the allegations in paragraph 5 of the Complaint.

JURISDICTION AND VENUE

6. Paragraph 6 sets forth propositions or conclusions of law requiring no response, but to the extent it may deemed to set forth factual allegations the same are hereby denied.

7. Paragraph 7 sets forth propositions or conclusions of law requiring no response, but to the extent it may be deemed to set forth factual allegations, the same are hereby denied.

STATUTORY AND REGULATORY BACKGROUND

8. Paragraph 8 sets forth propositions or conclusions of law requiring no response, but to

the extent it may deemed to set forth factual allegations, the same are hereby denied.

9. Paragraph 8 sets forth propositions or conclusions of law requiring no response, but to the extent it may deemed to set forth factual allegations, the same are hereby denied.

10. Paragraph 10 sets forth propositions or conclusions of law requiring no response, but to the extent it may deemed to set forth factual allegations, the same are hereby denied.

11. Paragraph 11 sets forth propositions or conclusions of law requiring no response, but to the extent it may be deemed to set forth factual allegations, the same are hereby denied.

## THE DECLINATION PROCESS

12. Paragraph 12 sets forth propositions or conclusions of law requiring no response, but to the extent it may be deemed to set forth factual allegations, the same are hereby denied.

13. Paragraph 13 sets forth propositions or conclusions of law requiring no response, but to the extent it may be deemed to set forth factual allegations, the same are hereby denied.

14. Paragraph 14 sets forth propositions or conclusions of law requiring no response, but to the extent it may be deemed to set forth factual allegations, the same are hereby denied.

## FUNDING REDUCTIONS FROM YEAR TO YEAR

15. Paragraph 15 sets forth propositions or conclusions of law requiring no response, but to the extent it may be deemed to set forth factual allegations, the same are hereby denied.

16. Paragraph 16 sets forth propositions or conclusions of law requiring no response, but to the extent it may be deemed to set forth factual allegations, the same are hereby denied.

## THE ALASKA ORDER OF CONTRACTING PRECEDENCE

17. Paragraph 17 is admitted, except to deny that the 1993 Federal Register publication was the Department of the Interior's "original published list of federally recognized tribes."

18. Defendants deny that the quoted hierarchy was "applie[d]" by the Interior Board of Indian Appeals ("IBIA") in the cited decision. The IBIA's statement of the BIA Alaska Region's order of priority was quoted, but not applied in the cited administrative decision.

19. Paragraph 19 sets forth propositions or conclusions requiring no response, but to the extent it is deemed to set forth factual allegations, the same are denied.

## THE ALASKA NATIVE CLAIMS SETTLEMENT ACT § 14(h)(1)

20. The first two sentences of paragraph 19 set forth legal propositions requiring no response. The allegations of the third sentence are admitted.

21. Defendants admit the allegations in paragraph 21 of the Complaint.

22. Paragraph 22 sets forth legal propositions requiring no response.

23. Paragraph 23 sets forth legal propositions requiring no response, but Defendants note that the regulation referenced is found in Title 43 of the Code of Federal Regulations, rather than Title 25.

24. Paragraph 24 of the Complaint is admitted.

## APIA'S AGREEMENTS AND THE PRESENT DISPUTE

25. Paragraph 25 of the Complaint is admitted.

26. Defendants admit the allegations of the first and fourth sentences of Paragraph 26 of the Complaint, but deny the second and third sentences.

27. Defendants admit the allegations of the first sentence of Paragraph 27. Defendants are without knowledge sufficient to determine the accuracy of the second, third and fifth sentences of this paragraph, and therefore deny the same. Defendant denies the allegations in the fourth sentence of the paragraph for the reason that there are not "BIA guidelines" such as are

referenced in the allegation.

28. Defendants admit the allegations of the first sentence of paragraph 28. With regard to the second sentence, Defendants deny any implication that the alleged pre-2004 interpretation that ANCSA 14(h)(1) benefits tribes was an interpretation put forth by the Solicitor's Office. To the extent that the second and third sentences refer to some more broadly defined category of so-called "ANCSA 14(h)(1) activities," the allegations characterizing the Solicitor's memo are denied. Defendants aver that the memo speaks for itself. The allegations of the fourth sentence are admitted.

29. Paragraph 29 of the Complaint is admitted.

30. Defendants admit the allegations of the first three sentences of paragraph 30 but deny any implication that, prior to September 2005, Plaintiff had not been advised of the TAC resolution and the Department of the Interior's intention to honor it. With regard to the allegations of the fourth sentence, Defendants admit that Plaintiff was not awarded the funding, but deny the implication that Plaintiff first learned that the ANCSA § 14(h)(1) money would not be included in its funding agreement for Fiscal Year 2006, on October 3, 2005.

31. Paragraph 31 of the Complaint is admitted.

32. Paragraph 32 of the Complaint is admitted, although Defendants deny any implication that Plaintiff was not informed or did not understand the reason for omission of the ANCSA § 14(h)(1) funding.

33. Paragraph 33 of the Complaint is admitted. Defendants aver that the letter, Exhibit E, speaks for itself.

PROCEDURAL HISTORY

34. Paragraph 34 of the Complaint is admitted.

35. Paragraph 35 of the Complaint is admitted.

36. Paragraph 36 of the Complaint is admitted. Defendants aver that the Recommended Decision, Exhibit G, speaks for itself.

37. Paragraph 37 of the Complaint is admitted.

CAUSES OF ACTION

COUNT 1

38. Defendants incorporate by reference their previous responses to Paragraphs 1 through 37 of the Complaint.

39. Paragraph 39 sets forth legal conclusions requiring no response, but to the extent it may be deemed to include factual allegations, the same are denied. In addition, defendants deny that all of the alleged, but ill-defined "cultural heritage activities" referred to in the third through fifth sentences are authorized and funded under ANSCA § 14(h)(1).

40. Paragraph 40 sets forth legal conclusions requiring no response, but to the extent it may be deemed to include factual allegations, the same are denied.

COUNT 2

41. Defendants incorporate by reference their previous responses to Paragraphs 1 through 40 of the Complaint.

42. Defendants admit the allegations of the first sentence, and the first clause of the third sentence of Paragraph 42. The remainder of this paragraph sets forth legal conclusions requiring no response, but to the extent it may be deemed to include factual allegations, the same are

denied.

COUNT 3

43. Defendants incorporate by reference their previous responses to Paragraphs 1 through 42 of the Complaint.

44. Paragraph 44 sets forth legal conclusions requiring no response, but to the extent it may be deemed to include factual allegations, the same are denied.

COUNT 4

45. Defendants incorporate by reference their previous responses to Paragraphs 1 through 44 of the Complaint.

46. Defendants admit the allegations of the first sentence of Paragraph 46.  The remainder of this paragraph sets forth legal conclusions requiring no response, but to the extent it may be deemed to include factual allegations, the same are denied.

COUNT 5

47. Defendants incorporate by reference their previous responses to Paragraphs 1 through 46 of the Complaint.

48. Defendants admit the allegations of the first sentence of Paragraph 48. With respect to the second sentence, Defendants admit that they did not follow the Plaintiff's characterization of the so-called "Alaska Order of Precedence." The remainder of this paragraph sets forth legal conclusions requiring no response, but to the extent it may be deemed to include factual allegations, the same are denied.

49. Paragraph 49 sets forth legal conclusions requiring no response, but to the extent it may be deemed to include factual allegations, the same are denied.

50. Paragraph 50 sets forth legal conclusions requiring no response, but to the extent it may be deemed to include factual allegations, the same are denied.

## PRAYER FOR RELIEF

51. Paragraph 51 sets forth conclusions of law and Plaintiff's prayer for relief and, as such, requires no response.

Defendants hereby specifically deny all allegations of the Complaint not expressly admitted in this Answer.

WHEREFORE, Defendants request that the Court enter a judgment:

a. Dismissing the Complaint against Defendants with prejudice; and

b. Awarding Defendants such other and further relief as the Court deems just, equitable and proper.

/s/
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

/s/
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

/s/
MARIAN L. BORUM, D.C. Bar # 435409
Assistant United States Attorney
555 Fourth Street, N.W. - Civil Division
Washington, D.C. 20530
202-514-6531
Counsel for Defendants

Of Counsel:
Roger Hudson, Attorney
Office of the Regional Solicitor, Alaska Region
United States Department of the Interior
4230 University Drive, Suite 300
Anchorage, Alaska 99508-4626
907-271-4131

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 5th day of April, 2007, I caused the foregoing to be served by first class mail, postage prepaid, addressed as follows:

F. Michael Willis
Hobbs, Straus, Dean & Walker, LLP
2120 L Street, N.W., Suite 700
Washington, D.C. 20037
Counsel for Plaintiff

                                   /s/
                                   MARIAN L. BORUM
                                   Assistant United States Attorney