**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **ALEUTIAN PRIBILOF ISLANDS ASSOCIATION, INC.**<br>201 E. 3rd Avenue<br>Anchorage, Alaska 99501<br><br>PLAINTIFF,<br><br>v.<br><br>**DIRK KEMPTHORNE**, in his official capacity as<br>Secretary of the Interior,<br>U.S. Department of the Interior<br>1849 C. Street, N.W.<br>Washington, DC 20240<br><br>**NILES CESAR**, in his official capacity as<br>Regional Director, Alaska Region,<br>Bureau of Indian Affairs,<br>U.S. Department of the Interior;<br>709 W. 9th St.<br>Juneau, Alaska 99802<br><br>**BUREAU OF INDIAN AFFAIRS OFFICE OF SELF-GOVERNANCE**,<br>U.S. Department of the Interior,<br>1849 C. Street, N.W., MS 4140 MIB<br>Washington, DC 20240<br><br>DEFENDANTS. | Civil Action No. 06-2173 (CKK) |

## PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Plaintiff, the Aleutian Pribilof Islands Association ("APIA"), by and through undersigned counsel, respectfully move pursuant to Rule 56 of the Federal Rules of Civil Procedure for summary judgment in APIA's favor. The essential facts of this case, as set forth in the accompanying Plaintiff's Statement of Material Facts Not in Genuine Dispute, have not been

contested by the Defendants. Therefore, as demonstrated in the accompanying Memorandum of Points and Authorities, APIA is entitled to judgment as a matter of law.

Specifically, APIA asks that this Court enter judgment as follows:

(1) Declaring that the thirteen Alaska tribes on whose behalf APIA entered a compact and funding agreements with the Secretary are beneficiaries of the cultural heritage preservation activities authorized and funded under section 14(h)(1) of the Alaska Native Claims Settlement Act ("ANCSA"), and therefore those tribes have the legal right to assume, through APIA, those activities under the Indian Self-Determination and Education Assistance Act ("ISDEAA");

(2) Declaring that the Defendants, the Secretary and his delegatees in the Department of the Interior ("Department"), violated the ISDEAA by refusing to include the ANCSA funds in APIA's fiscal year ("FY") 2006 Annual Funding Agreement ("AFA");

(3) Declaring that the Secretary violated the ISDEAA by refusing to follow the declination process, and failing to apply the declination criteria, prescribed in section 102(a)(2) of the ISDEAA, 25 U.S.C. § 450f(a)(2);

(4) Declaring that the Secretary violated section 106(b)(2) of the ISDEAA, 25 U.S.C. § 450j-1(b)(2), by reducing the amount of funding in APIA's FY 2006 AFA when none of the five statutory reasons for reducing funding were present;

(5) Declaring that the defendants violated the DOI regulations implementing the ISDEAA by

    (a) failing to follow the declination process and apply the declination criteria set forth in 25 C.F.R. Part 900, Subpart E, and

    (b) partially declining APIA's proposed FY 2006 AFA when APIA's proposed AFA was substantially the same as the prior year's AFA, 25 C.F.R. §§ 900.32, 900.33;

(6) Declaring that Defendants' refusal to apply the Department's longstanding Alaska Order of Contracting Precedence was arbitrary, capricious, and an abuse of discretion in violation of the Administrative Procedure Act ("APA"), 5 U.S.C. § 706(2)(A);

(7) Declaring that Defendants' refusal to follow the declination procedures and apply the declination criteria mandated by the ISDEAA exceeded statutory authority in violation of the APA, 5 U.S.C. § 706(2)(C);

(8) Declaring that Defendants' refusal to follow the declination procedures and apply the declination criteria prescribed in the Department's own regulations was arbitrary, capricious, and an abuse of discretion, and without observance of procedure required by law, in violation of the APA, 5 U.S.C. §§ 706(2)(A), (D);

(9) Ordering the Secretary, pursuant to the Court's authority under 25 U.S.C. § 450m-1(a), to award and fund APIA's FY 2006 AFA on a recurring basis as proposed by APIA;

(10) Enjoining the Secretary from withholding the ANCSA funds, or any others, from APIA's AFA for FY 2007 or thereafter, until such time as the Secretary, following the declination procedures prescribed by the ISDEAA and Department regulations, meets his burden to clearly establish the validity of the grounds for declining the proposal or any portion thereof;

(11) Awarding APIA interest from October 2, 2005 in accordance with the Prompt Payment Act, attorney fees and expenses, and such other relief as the Court deems appropriate.

In support of its Motion for Summary Judgment, APIA submits a Statement of Material Facts Not in Genuine Dispute and a Memorandum of Points and Authorities with exhibits attached or incorporated from the Record. In addition, APIA requests an oral hearing on this motion pursuant to Local Rule 7(f).

        Respectfully Submitted,


        /s/
        ―――――――――――――――――――
        F. Michael Willis (D.C. Bar No. 467462)
        Geoffrey D. Strommer
        HOBBS, STRAUS, DEAN & WALKER, LLP

        Attorneys for the Aleutian Pribilof Islands
        Association

DATED: May 2, 2007.