# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ALEUTIAN PRIBILOF ISLANDS** ) | |
| **ASSOCIATION, INC.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| **v.** ) | **Civil Action No. 06-2173 (CKK)** |
| ) | |
| **DIRK KEMPTHORNE,** ) | |
| **Secretary of the Interior,** ) | |
| **United States Department of Interior,** *et al.,* ) | |
| ) | |
| **Defendants.** ) | |
| _____ ) | |

## DEFENDANTS' REPLY TO PLAINTIFF'S OBJECTION TO DEFENDANTS' MOTION FOR ENLARGEMENT OF TIME TO RESPOND TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Defendants, through counsel, the United States Attorney for the District of Columbia, respectfully file this Reply to Plaintiff's Objection to Defendants' Motion for Extension of Time to Respond to Plaintiff's Motion for Summary Judgment.

This matter involves a decision by the Department of Interior regarding funding to Alaska Native tribes and tribal organizations under the Indian Self-Determination and Education Assistance Act. 22 U.S.C. § 450 *et seq.* Pursuant to a scheduling order, Plaintiff's filed a Motion for Summary Judgment in the matter. *See* Docket Entry No. 12. Defendants' opposition to that motion requires considerable input from agency counsel. Defendants were to file the Opposition to plaintiff's motion for summary judgment by June 1, 2007. *See* Docket Entry No. 9. However, agency counsel was unable to provide the necessary input to complete the opposition by that date. Therefore, Defendants requested an additional fourteen (14) days to do so. *See* Docket Entry No. 14.

On June 12, 2007, undersigned counsel learned that agency counsel had to travel to

Washington, D.C. from Anchorage, Alaska for meetings on Capitol Hill.  Agency counsel

reported that, during his travels, the airline misrouted his briefcase which contained documents

needed to complete the necessary work on the opposition.  The airline subsequently located

agency counsel's briefcase.  However, agency counsel indicated that he would not have sufficient

time to complete the necessary tasks.

On the day that undersigned counsel learned this information, and in accordance with

Local Rule 7(m), she attempted to contact F. Michael Willis, who is the lead attorney on the case.

*See* Docket Report.  Mr. Willis is the attorney whose signature appears on the Complaint, *see*

Docket Entry No. 1, and the attorney whom undersigned counsel contacted regarding the

previous motion for enlargement of time.[1]  Undersigned counsel learned that plaintiff's counsel

was out of the country.  Undersigned counsel left a message and electronic mail address for

plaintiff's counsel to contact undersigned counsel with his position on this motion.  Having not

heard from plaintiff's counsel, undersigned counsel filed the motion.  While counsel who has

filed this opposition to defendants' motion for enlargement of time, Mr. Strommer, appears to

imply that undersigned counsel purposefully did not respond to his e-mail until after filing of the

motion for enlargement of time, he is incorrect.  It was not until *after* undersigned counsel had

filed the motion, that undersigned counsel saw Mr. Strommer's e-mail asking only why the

motion was being requested.[2]

---

[1]The attorney who has filed this opposition is Geoffrey D. Strommer who has been granted leave to appear *pro hac vice*.  *See* Docket Entry No. 6.

[2]It should be noted that undersigned counsel's telephone number is listed on all documents which have been filed on behalf of the defendant with this Court.  *See* Docket Entry Nos. 3, 4, 7, 8, 9, 14, 15.

Mr. Strommer indicates that defendants' request for additional time will "unfairly shorten the amount of time the Plaintiff will have to file a reply brief."  *See* Plaintiff's Objection to Defendants' Motion for Extension of Time at p. 2.  However, if plaintiff requires additional time to file its reply brief, defendants' certainly would not object to that request.

Defendants are requesting an additional seven (7) days to file their opposition, and plaintiff will not be prejudiced by that request.  Moreover, as there are no other pending deadlines, this enlargement will not affect any previously scheduled deadlines in this matter. Therefore, for the above-mentioned reasons, and to ensure that the government has sufficient time to prepare a comprehensive response, defendants respectfully request that their motion for enlargement of time to oppose plaintiff's motion for summary judgment be granted.

Respectfully submitted,


 /s/
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney


 /s/
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney


 /s/
MARIAN L. BORUM, D.C. Bar # 435409
Assistant United States Attorney
555 Fourth Street, N.W., Civil Division
Washington, D.C.  20530
(202) 514-6531
Counsel for Defendants

3

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 14th day of June, 2007, service of the foregoing Reply

to Plaintiff's Objection to Defendants' Motion for Enlargement of Time was made, via the

Court's ECF mail system, to plaintiff's counsel:

F. Michael Willis, Esq.
Hobbs, Straus, Dean & Walker, LLP
2120 L Street, N.W., Suite 700
Washington, D.C.  20037

/s/
MARIAN L. BORUM
Assistant United States Attorney