UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ALEUTIAN PRIBILOF ISLANDS ASSOCIATION, INC., </br></br>  Plaintiff, </br></br> v. </br></br> DIRK KEMPTHORNE, </br> Secretary of the Interior, </br> United States Department of the Interior, et al., </br></br>  Defendants. | ) ) ) ) ) ) ) Civil Action No. 06-2173 (CKK) ) ) ) ) ) ) ) ) |

## NOTICE OF FILING OF AMENDMENT OF FOOTNOTE 2 IN DEFENDANT'S REPLY (PACER DOCKET NUMBERS 23 and 24)

Defendant respectfully files this amendment to footnote 2, on page 3 of Defendant's Reply in Support of Partial Motion to Dismiss and Cross Motion for Summary Judgment ("Defendant's Reply"). In footnote 2, Defendant stated that, under 25 C.F.R. § 900.167, the consideration of timely-filed objections to a recommended decision, by the Interior Board of Indian Appeals, is mandatory. While, in practice, the Interior Board of Indian Appeals *does* consider all timely-filed objections to recommended decisions, footnote 2 should read as follows:

> Although 25 C.F.R. § 900.167(b) includes the permissive term "may," the practice of the Interior Board of Indian Appeals ("IBIA") is to read and consider all timely-filed objections to recommended decisions. Had APIA not failed to comply with the regulations regarding filing of its objections, the IBIA under 25 C.F.R. § 900.167 would have read and considered all its exceptions to Administrative Law Judge Sweitzer's Recommended Decision. Moreover, to the degree that APIA's objections were viewed as meritorious, the Board would have been obligated under 25 C.F.R. § 900.167(c) to issue a written decision, specifying any findings of fact or conclusions of law modified or reversed, and also to set forth the reasons for its decision, based on the record. This opportunity for an objecting party to obtain review of a recommended decision, and a new independent consideration of its arguments by a superior reviewing authority, cannot be

dismissed as a frivolous or futile gesture.  It stands in marked contrast to a discretionary request to the *same* decision-maker to *reconsider* its initial decision.  In short, APIA's argument that there is "no obligation on the part of the agency to actually consider and rule on the objections," Pltf's Opp. at 9, n.10, is plainly at odds with the actual state of affairs.

Defendant regrets any inconvenience caused to the Court or plaintiff for the filing of this Notice of Filing.

                              Respectfully submitted,

                              /s/
                              JEFFREY A. TAYLOR, D.C. Bar # 498610
                              United States Attorney

                              /s/
                              RUDOLPH CONTRERAS, D.C. Bar # 434122
                              Assistant United States Attorney

                              /s/
                              MARIAN L. BORUM, D.C. Bar # 435409
                              Assistant United States Attorney
                              501 Third Street, N.W., Fourth Floor
                              Washington, D.C.  20530
                              (202) 514-6531
                              Counsel for Defendant

Of Counsel:
Roger Hudson, Attorney
Office of the Regional Solicitor, Alaska Region
United States Department of the Interior
4230 University Drive, Suite 300
Anchorage, Alaska 99508-4626
(907) 271-4131

**CERTIFICATE OF SERVICE**

I hereby certify that on this 9th day of August, 2007, the foregoing was served upon counsel for plaintiff via the Court's ECF e-mail system.

                                                /s/
                                                MARIAN L. BORUM
                                                Assistant United States Attorney