UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ALEUTIAN PRIBILOF ISLANDS ASSOCIATION, INC.**<br>201 E. 3rd Avenue<br>Anchorage, Alaska 99501<br><br>         PLAINTIFF,<br><br>         v.<br><br>**DIRK KEMPTHORNE**, in his official capacity as<br>Secretary of the Interior,<br>U.S. Department of the Interior<br>1849 C. Street, N.W.<br>Washington, DC 20240<br><br>**NILES CESAR**, in his official capacity as<br>Regional Director, Alaska Region,<br>Bureau of Indian Affairs,<br>U.S. Department of the Interior;<br>709 W. 9th St.<br>Juneau, Alaska 99802<br><br>**BUREAU OF INDIAN AFFAIRS**<br>**OFFICE OF SELF-GOVERNANCE**,<br>U.S. Department of the Interior,<br>1849 C. Street, N.W., MS 4140 MIB<br>Washington, DC 20240<br><br>         DEFENDANTS. | Civil Action No. 06-2173 (CKK) |

**PLAINTIFF'S MOTION FOR PARTIAL RECONSIDERATION**

Plaintiff, the Aleutian Pribilof Islands Association ("APIA"), by and through undersigned counsel, respectfully moves pursuant to Rule 54(b) of the Federal Rules of Civil Procedure and Local Rule 7 for partial reconsideration of the Court's Memorandum Opinion and Order dated February 11, 2008 ("Mem. Op."). Specifically, APIA requests that the Court reconsider that portion of its Order remanding to the BIA for further proceedings to "decide, in the first instance,

whether to approve or decline APIA's request for Section 14(h)(1) funds after applying the appropriate statutes and regulations." Mem. Op. at 17.  APIA submits that the Court erred by ordering remand as provided in the Order, because the agency should not be given a second chance to decide on contract proposals that have been deemed approved by operation of law.

The essential facts necessary to reconsider this portion of the Order are the same as those considered by the Court in its Memorandum Opinion and Order. In summary form, the grounds for this motion are as follows:

(1)     That the Court properly held that "the BIA's decision not to apply the Declination Criteria and related regulations was clearly erroneous," Mem. Op. at 14;

(2)     That the FY 2006 and 2007 Annual Funding Agreement ("AFA") funding was approved by operation of controlling law because defendants (a) failed to follow the declination process and apply the declination criteria set forth in 25 U.S.C. § 450f(a)(2) and 25 C.F.R. Part 900, Subpart E, and (b) failed to issue a decision on APIA's AFA proposals within 90 days of receipt, 25 C.F.R. §§ 900.18;

(3)     That persuasive authority directly on point, *Cheyenne River Sioux Tribe v. Kempthorne*, 496 F.Supp.2d 1059 (D.S.D. 2007), holds that the BIA's failure to follow the declination statutes and regulations means as a matter of law that the proposed transfer of Section 14(h)(1) funds in the FY 2006 and 2007 AFAs was approved and a court must order the agency to fund them;

(4)     That having found that the BIA's decision not to apply the declination criteria was "arbitrary and capricious," this Court should have entered an order making it clear that APIA is entitled to be funded in FY 2006 and FY 2007 – either through a damage award or through payment of appropriated funds that remain available to the BIA – by operation of law;

(5) That the Court erred by ordering remand as an appropriate remedy on the basis of a case, *Feezor v. Babbitt*, 953 F.Supp. 1, 7 (D.D.C. 1996), that is inapposite and distinguishable from the law and facts in this case.

The above grounds are fully set forth in a Memorandum of Points and Authorities filed herewith. Wherefore, APIA respectfully requests that the Court grant this Motion. In addition, APIA requests an oral hearing on this Motion pursuant to Local Rule 7(f).

Respectfully Submitted,

_____/s/_____
F. Michael Willis (D.C. Bar No. 467462)
Geoffrey D. Strommer
HOBBS, STRAUS, DEAN & WALKER, LLP

Attorneys for the Aleutian Pribilof Islands Association

DATED: February 15, 2008.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ALEUTIAN PRIBILOF ISLANDS** ) <br> **ASSOCIATION, INC.** ) <br> 201 E. 3rd Avenue ) <br> Anchorage, Alaska 99501 ) <br> ) <br>     PLAINTIFF, ) <br> ) <br>     vi. ) <br> ) <br> **DIRK KEMPTHORNE**, in his official capacity as ) <br> Secretary of the Interior, ) <br> U.S. Department of the Interior ) <br> 1849 C. Street, N.W. ) <br> Washington, DC 20240 ) <br> ) <br> **NILES CESAR**, in his official capacity as ) <br> Regional Director, Alaska Region, ) <br> Bureau of Indian Affairs, ) <br> U.S. Department of the Interior; ) <br> 709 W. 9th St. ) <br> Juneau, Alaska 99802 ) <br> ) <br> **BUREAU OF INDIAN AFFAIRS** ) <br> **OFFICE OF SELF-GOVERNANCE**, ) <br> U.S. Department of the Interior, ) <br> 1849 C. Street, N.W., MS 4140 MIB ) <br> Washington, DC 20240 ) <br> ) <br>     DEFENDANTS. ) <br> ) | Civil Action No. 06-2173 (CKK) |

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION FOR PARTIAL RECONSIDERATION**

**INTRODUCTION AND SUMMARY**

The Bureau of Indian Affairs ("BIA") compacted with the Aleutian Pribilof Islands Association ("APIA") to carry out activities authorized by section 14(h)(1) of the Alaska Native Claims Settlement Act ("ANCSA"), 43 U.S.C. § 1613(h)(1), from fiscal year ("FY") 1996 through FY 2005. BIA then declined to include funds related to these activities in APIA's Annual Funding Agreement ("AFA") in FY 2006 and FY 2007. APIA initiated this action claiming, inter alia, that the BIA decision to withhold funds violates the provisions of the Indian Self-Determination and Education Assistance Act ("ISDEAA"), which places strict procedural and substantive limitations on agency discretion to decline contracts.

The Court's Memorandum Opinion and Order dated February 11, 2008 ("Mem. Op.") resolved key issues posed by the Plaintiff's Motion for Summary Judgment and the Defendants' Partial Motion to Dismiss and Cross Motion for Summary Judgment, and remanded to the BIA for further proceedings to "decide, in the first instance, whether to approve or decline APIA's request for Section 14(h)(1) funds after applying the appropriate statutes and regulations." Mem. Op. at 17.

APIA has moved for partial reconsideration of the Court's ruling limited to the issue whether remand is a necessary or appropriate remedy. APIA believes that the proper remedy is for the Court to order the BIA to award and fund APIA's AFAs for FY 2006 and 2007, and enjoin the Secretary from withholding the ANCSA funds, or any others, from APIA's AFA for FY 2008 or thereafter, until such time as the Secretary, following the declination procedures prescribed by the ISDEAA and Department regulations, meets his burden to clearly establish the validity of the grounds for declining the proposal or any portion thereof.

The Court has decided two issues that resolve APIA's entitlement to the disputed Section 14(h)(1) funding for past contract years.  First, the Court denied the Defendants' Motion to Dismiss based on exhaustion of administrative remedies. Second, the Court decided the parties' Cross-Motions for Summary Judgment on the question whether the BIA was obligated to apply the declination criteria and related regulations to APIA's funding request, holding that "the BIA's decision not to apply its Declination Criteria and other applicable regulations to APIA's request [for funding] was arbitrary and capricious." Mem. Op. at 17.  APIA agrees with these rulings, and further agrees that remand may be appropriate with respect to the prospective relief APIA seeks—that is, for the declaratory and injunctive relief based on APIA's assertion that it is entitled to the 14(h)(1) funds for future fiscal years.  APIA respectfully submits that remand is not appropriate, however, with respect to the retrospective relief APIA seeks—that is, for funding of contract years already past or currently under way.  The BIA had the opportunity to decline those proposals in accordance with the statutory and regulatory declination criteria, but failed to do so, as found by this Court.  The consequences of this failure are spelled out in the regulations, have been affirmed by case law directly on point, and are irremediable.  APIA submits that remand is inconsistent with the Court's other rulings on the merits and may subject APIA to significant additional harm if the BIA is not ordered to award and fund APIA's AFAs consistent with the requirements of the ISDEAA.

## ARGUMENT

**I.     Standards Governing Partial Reconsideration.**

A court has broad discretion to grant a motion for partial reconsideration "as justice requires." *See Childers v. Slater*, 197 F.R.D. 185, 190, 48 Fed.R.Serv.3d 396 (D.D.C. 2000), *citing* FED. R. CIV. P. 60(b) Advisory Committee Notes ("interlocutory judgments are not

brought within the restrictions of [Rule 60(b)], but rather they are left subject to the complete power of the court rendering them to afford such relief from them *as justice requires*") (emphasis added).

In *Powell v. Castaneda*, __ F.R.D. __, 2007 WL 4395058 *4 (D.D.C. Dec. 18, 2007), the court explained that the "as justice requires" standard "amounts to determining 'whether reconsideration is necessary under the relevant circumstances,'" *citing Cobell v. Norton*, 224 F.R.D. 266, 272 (D.D.C. 2004).

In *Defense of Animals v. National Institutes of Health*, __ F.Supp.2d __, 2007 WL 4329474, *2 (D.D.C. Dec. 12, 2007) (Kollar-Kotelly, J.) this Court stated: "Considerations a court may take into account under the 'as justice requires' standard include whether the court 'patently' misunderstood the parties, made a decision beyond the adversarial issues presented, made an error in failing to consider controlling decisions or data, or whether a controlling or significant change in the law has occurred," *citing Singh v. George Washington University*, 383 F.Supp.2d 99, 101 (D.D.C. 2005). The Court further explained:

> *Cobell* also suggests that even if justice does not "require" reconsideration of an interlocutory ruling, a decision to reconsider is nonetheless within the court's discretion: "[E]ven if the appropriate legal standard does not indicate that reconsideration is warranted, the Court may nevertheless elect to grant a motion for reconsideration if there are other good reasons for doing so." *Id*. at 540. However, the efficient administration of justice requires that a court at the very least have good reason to reconsider an issue which has already been litigated by the parties: "The district court's discretion to reconsider a non-final ruling is, however, limited by the law of the case doctrine and 'subject to the caveat that where litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again.'" *Singh*, 383 F.Supp.2d at 101 (quoting *In re Ski Train Fire in Kaprun, Austria, on November 11, 2000*, 224 F.R.D. 543, 546 (S.D.N.Y. 2004)). Thus, if the court chooses to reconsider a motion even if justice does not so require, there must be a "good reason" underlying the parties' re-addressing an already decided issue.

*Id*. at *3.  APIA believes that reconsideration is "necessary under the relevant circumstances" of this case and that there are "good reasons" for reconsidering the limited issue whether remand is a necessary or appropriate remedy under these circumstances.  The Court may have misunderstood or misapplied APIA's analysis of the controlling statute and regulations, and the Court did not cite or distinguish pertinent case law cited by APIA.

We are mindful that APIA bears the burden to "demonstrate that some harm, legal or at least tangible, would flow from a denial of reconsideration." *Cobell v. Norton*, 355 F.Supp.2d 531, 540 (D.D.C. 2005).  We submit that it is appropriate to resolve APIA's entitlement to funding for past contract years now, as a matter of law, rather than subjecting APIA to a second administrative decision over funds that should have been awarded for FY 2006 and FY 2007, as well as future funding under procedures prescribed by the ISDEAA and Department regulations.

## II.     Reconsideration of Remand Is Warranted In This Case.

In this case APIA seeks partial reconsideration of the Court's remand to the BIA for further proceedings to "decide, in the first instance, whether to approve or decline APIA's request for Section 14(h)(1) funds after applying the appropriate statutes and regulations."  Mem. Op. at 17.  This disposition does not reflect proper consideration of the governing statutes and regulations, fails to account for governing case law, and misapplies the case relied upon as a basis for remand.

First, the governing law on declination requires either approval of a funding proposal within 90 days of a funding request or else a written notification with a specific finding that one of the five statutory criteria justifies denial of the request.  In addition, the BIA must approve proposals that are "substantially the same" as the prior year's.  The BIA did not follow these procedures, a decision this Court found "arbitrary and capricious."  At this point there is nothing

for BIA to consider on remand regarding funding for FY 2006 and FY 2007; the decision was made for the agency by operation of law when the BIA did not decline within 90 days based on the statutory criteria. APIA did not waive its legal rights under statute, and there is no basis for tolling application of the statute to authorize the BIA to make that determination now for 2006 or 2007 funding.

Second, the Court does not cite or distinguish well-reasoned case law directly on point, *Cheyenne River Sioux Tribe v. Kempthorne*, 496 F. Supp. 2d 1059 (D.S.D. 2007), which holds that the BIA's failure to follow the declination procedures requires approval of the contract by operation of law.

Third, the case relied on as the basis for directing remand as an appropriate remedy, *Feezor v. Babbitt*, 953 F. Supp. 1, 7 (D.D.C. 1996), is inapposite, where, as here, the legal issue is resolved by operation of law and there are no facts in dispute for the agency to determine on remand.

These grounds for reconsideration are explained in detail in the following sections.

    A.    *The Court Erred by Directing Remand Instead of Ordering the BIA to Award and Fund APIA's AFAs.*

The Court erred by ordering remand and failing to consider APIA's argument that FY 2006 and 2007 AFA funding was approved by operation of law because the Defendants violated the DOI regulations implementing the ISDEAA by (a) failing to follow the declination process and apply the declination criteria set forth in 25 U.S.C. § 450f(a)(2) and 25 C.F.R. Part 900, Subpart E; and (b) failing to issue a decision on APIA's AFA proposals within 90 days of receipt, 25 C.F.R. §§ 900.18. Having found that the BIA's decision not to apply the declination criteria was "arbitrary and capricious," the Court was obligated to order that APIA is entitled to approval of funding by operation of law. The relevant provisions of ISDEAA are not discussed by the

Court in its determination to order remand, although they are analyzed at length in Plaintiff's Memorandum of Points and Authorities in Support of Motion for Summary Judgment, pp. 15-16. *See also* Plaintiff's Opposition to Defendants' Motion to Dismiss and Cross-Motion for Summary Judgment and Plaintiff's Reply to Defendants' Opposition to Plaintiff's Motion for Summary Judgment at 17-18. Because the Court did not consider these controlling legal principles, the portion of the Court's decision directing remand is subject to reconsideration. *Defense of Animals v. National Institutes of Health*, supra.

Section 102(a)(2) of the ISDEAA, and the regulations thereunder, prohibits the procedures followed by the BIA in this case. The BIA's denial of APIA's proposal to renew its AFA, like any other denial of a contract or portion thereof under the ISDEAA, must meet the substantive and procedural requirements of section 102. The BIA compacted the ANCSA program to APIA for many years before unilaterally declining to continue doing so. Under the ISDEAA, when he declines a proposal the Secretary must provide APIA written notification containing:

> a specific finding that clearly demonstrates that, or that is supported by a controlling legal authority that--
> **(A)** the service to be rendered to the Indian beneficiaries of the particular program or function to be contracted will not be satisfactory;
> **(B)** adequate protection of trust resources is not assured;
> **(C)** the proposed project or function to be contracted for cannot be properly completed or maintained by the proposed contract;
> **(D)** the amount of funds proposed under the contract is in excess of the applicable funding level for the contract, as determined under section 106(a); or
> **(E)** the program, function, service, or activity (or portion thereof) that is the subject of the proposal is beyond the scope of programs, functions, services, or activities covered under paragraph (1) because the proposal includes activities that cannot lawfully be carried out by the contractor.

25 U.S.C. § 450f(a)(2).[1]  When declining a proposal or a portion thereof, the Secretary must provide "a detailed explanation of the reason for the decision," including "a specific finding that clearly demonstrates that (or is supported by a controlling legal authority that) one of the [declination conditions] exists."  25 C.F.R. § 900.29(a).[2]  It is undisputed that the Defendants did not follow the declination procedures prescribed by Section 102(a)(2) of the ISDEAA, 25 U.S.C. § 450f(a)(2).  At no point did the BIA send APIA written notification of the basis for declining to include the ANCSA funds.[3]  Nor do Defendants dispute that they did not apply the declination criteria set forth in Section 102.[4]  Therefore, BIA action in this case violated section 102(a)(2).  "A proposal that is not declined within 90 days ... is deemed approved and the Secretary shall award the contract or any amendment or renewal within that 90-day period and add to the contract the full amount of funds pursuant to Section 106(a) of the Act."  *Id.* § 900.18.

It is also clear that the Secretary cannot decline a tribal organization's ISDEAA AFA proposal if it is "substantially the same" as the prior year's.[5]  There is no factual dispute that APIA's proposal was substantially the same as the prior year's.  Answer ¶ 30 (admitting "[t]he FY 2006 proposal was substantially identical to that agreed to by the BIA for FY 2005.").  Therefore, the BIA declination was invalid as a matter of law for failure to follow agency regulations.

By remanding without directing the BIA to approve the contracts and award the funds as required by law, the Court allows the BIA to revisit the issue now that the strict

---

[1] *See also* 25 C.F.R. § 900.22 (explaining that "[t]he Secretary may only decline to approve a proposal for one of five specific reasons," and echoing the statutory criteria of section 102(a)(2)).
[2] The Secretary bears the burden of proof and must "clearly demonstrat[e] the validity of the grounds for declining the contract proposal (or portion thereof)."  25 U.S.C. § 450f(e)(1); 25 C.F.R. § 900.163.
[3] *See* Answer ¶ 32 (admitting that BIA never sent APIA a written explanation of its decision or notified APIA of its right to appeal); Plaintiff's Statement of Material Facts Not in Genuine Dispute ¶ 13; Def. Response to Plaintiff's Statement of Material Facts Not in Genuine Dispute ¶ 13 (not disputing that BIA and OSG sent no declination notice); Def. Exh. 1 at 7-8.
[4] *E.g.*, Def. Exh. 8 at 17 ("Appellee has not contested that it did not follow the dictates of the declination process.")
[5] 25 C.F.R. § 900.32; Pl. Memo. at 18-19.

time limit for declination has clearly passed for both FY 2006 and FY 2007. The agency made its decisions "in the first instance" when it failed to act within the required time frame and they were deemed approved. In this circumstance remand is unnecessary and inappropriate, because it would give the BIA a second bite of the apple and render the strict procedural and substantive requirements of the ISDEAA a nullity.

"Justice requires" that the Court grant APIA's request for partial reconsideration and modify its Memorandum Opinion and Order to provide "injunctive relief ... to compel the Secretary to award and fund an approved" self-governance agreement, the remedy required by Section 110 of the ISDEAA, 25 U.S.C. § 450m-1(a), and to direct the BIA to decide all future funding under procedures prescribed by the ISDEAA and Department regulations.[6]

    B.  *Persuasive Case Law Supports APIA's Declination Analysis.*

The Court erred by ordering remand without citing or distinguishing pertinent case law in its decision. *See Defense of Animals v. National Institutes of Health*, supra. In *Cheyenne River Sioux Tribe v. Kempthorne*, 496 F.Supp.2d 1059 (D.S.D. 2007), the court held that the BIA's failure to follow the declination procedures required approval of the contract and award of the funds, whatever the merits of the BIA's underlying legal position might be.[7] This case and the legal principles involved are not discussed in the Court's decision to order remand, although a

---

[6] Ultimately, it may be that for FY 2006 and FY 2007, the only available remedy is damages. *See Shoshone-Bannock*, 988 F. Supp. 1306, 1315 (D. Or. 1997) (if appropriation has lapsed, remedy for failure to award AFA under ISDEAA is money damages). The BIA's appropriation for FY 2006 has lapsed, as the BIA itself has acknowledged. *See* Dep't of the Interior, Environment, and Related Agencies Appropriations Act, 2006, Pub. L. No. 109-54, 119 Stat. 499, 513 (Aug. 2, 2005) (appropriating funds for BIA "to remain available until September 30, 2007); Defendants' Reply in Support of Partial Motion to Dismiss and Cross Motion for Summary Judgment at 18 n.7 (Aug. 6, 2007) (stating that "funding for FY 2006 remains available during a window closing at the end of the current Fiscal Year on September 30, 2007"). Thus the agency cannot provide any relief even if it decides in APIA's favor, an additional compelling reason not to remand.

[7] *Cheyenne River Sioux Tribe v. Kempthorne*, 496 F.Supp.2d at 1068 ("Given the Secretary's failure to comply with the declination statutes and regulations, the court need not address the merits of actions taken by the defendants.")

lengthy analysis was provided in Plaintiff's Opposition to Defendants' Motion to Dismiss and Cross-Motion for Summary Judgment and Plaintiff's Reply to Defendants' Opposition to Plaintiff's Motion for Summary Judgment, pp. 18-20.

The facts in *Cheyenne River Sioux* are strikingly similar to those in this case. For years, the BIA had approved the Tribe's ISDEAA contracts, including administration of funds for disadvantaged students on a school-wide basis. Then the BIA received a letter from the Department of Education, much like the Regional Solicitor's memorandum in this case, indicating that this longstanding agency practice was inconsistent with the law and the funds had to be targeted to the students most at risk. When the Tribe proposed a successor AFA to operate the program on a school-wide rather than targeted basis, the BIA declined the contract on the ground (among others) that administration of the funds school-wide could not lawfully be carried out.[8]

The BIA's declination letter failed to include, as required by section 102(a), specific findings clearly demonstrating that this or any other declination basis existed. Finding "[t]he declination statutes and regulations are unambiguous," Judge Kornmann concluded that the BIA had failed to meet "the burden of proof on the Secretary to demonstrate the validity of his declination decision by clear and convincing evidence," and he went on to hold that:

> Given the Secretary's failure to comply with the declination statutes and regulations, the court need not address the merits of actions taken by the defendants. The contract and successor AFA ... are deemed approved by operation of law.

*Id*. at 1068. Thus, even if the BIA and the Department of Education were correct that the funds could only be administered on a targeted basis, the BIA's failure to follow procedures and meet

---

[8] *Id.* at 1064; *see also* 25 U.S.C. § 450f(a)(2)(E) (authorizing declination when "proposal includes activities that cannot lawfully be carried out by the contractor").

standards prescribed by law meant that the successor AFA must be deemed approved as proposed by the Tribe. *Id.*[9]

As in *Cheyenne River Sioux*, Defendants here adopted a new legal position that conflicted with past agency practice. But the ISDEAA imposes strict procedural and substantive limitations on how the agency may implement a new decision. In this case the BIA did not issue a decision to APIA; it simply unilaterally revoked the ANCSA funding with no explanation. Defendants could have declined the proposal under section 102(a)(2)(E) and provided specific findings, a "detailed explanation of the reason for the decision," a disclosure of the facts or documents on which the agency relied in making the decision, and a description of APIA's appeal rights.[10] Instead, Defendants ignored the statute and regulations, an action that clearly violated the ISDEAA, applicable regulations and the terms of APIA's AFA.

The *Cheyenne River Sioux* case offers a clear basis for the Court to reconsider remand because the Court did not apply the pertinent and controlling logic of the declination requirements of ISDEAA. *Cheyenne River Sioux* shows that, rather than providing an open-ended remand to the BIA, the appropriate remedy is for the Court to find that APIA's proposals, like the Cheyenne River Sioux Tribe's, are deemed approved by operation of law, and to order the agency to fund them accordingly.[11]

---

[9] *See also* 25 C.F.R. § 900.18 (proposal deemed approved after 90 days if not properly declined).
[10] 25 U.S.C. §§ 450f(a)(2), 450f(b); 25 C.F.R. § 900.29; *Cheyenne River Sioux* at *8.
[11] *Cheyenne River Sioux* at 1068. *See also Delaware Tribe of Indians v. Bureau of Indian Affairs,* IBIA 02-65-A, (Nov. 26, 2001) at 10 (Tribe's contract proposal deemed approved by operation of law, despite containing terms agency believed contrary to law, because BIA failed to either approve or decline proposal within 90 days); *Mechoopda Indian Tribe of Chico Rancheria, CA v. Education Programs Admr., Sacramento Area Office, Bureau of Indian Affairs,* IBIA 97-9-A, IBIA 97-102-A, at 16 (Mar. 1, 2001) (ISDEAA proposal not declined within 90 days is deemed approved and Secretary shall award contract, citing 25 C.F.R. § 900.18).

### C.  *The Court Erred by Ordering Remand Without Adequate Legal Authority.*

The Court erred by ordering remand as an appropriate remedy on the basis of a case, *Feezor v. Babbitt*, 953 F.Supp. 1 (D.D.C. 1996), that is inapposite and distinguishable from the circumstances in this case.  *Feezor v. Babbitt* involved federal court review of an Interior Board of Indian Appeals ("IBIA") decision that ruled on BIA action to disapprove two tribal enrollment ordinances that a tribe had enacted pursuant to a constitution adopted and approved under the authority of 25 U.S.C. § 476.  Two elements distinguish the facts in *Feezor* from the facts involved in APIA's right to funding under ISDEAA.

First, the facts and procedural history in *Feezor* were extremely complicated and the administrative record was incomplete.  The court remanded because the record did not provide an adequate basis for review:

> There may be satisfactory answers to the question discussed above – how IBIA could exceed its 90-day time limit by a year, whether the Community's appeal was properly authorized, and whether the ordinance was in fact enacted by a proper majority vote – but those answers are not provided by the present record, which was established in an essentially *ex parte* proceeding. IBIA did explain its decision – as deference to the Community's interpretation of its Constitution where two interpretations appeared reasonable – but IBIA did not deal with the additional questions presented by the individual appellants because it did not recognize their standing. The accompanying order accordingly remands this matter to the Department of Interior for consideration and explanation.

*Id*. at 7.  The court remanded because the record did not provide an adequate basis for the court to render a decision on the factual and legal issues or to direct an appropriate remedy.  Here, by contrast, an extensive factual record exists, and the legal issue as to past contract years has already been decided by operation of law, leaving nothing for the agency to do on remand.

- 11 -

Second, the statute in *Feezor*, 25 U.S.C. 476, contains only general authority for approval of tribal constitutions, and does not provide any standards or criteria for review of tribal governmental actions. In contrast, the statute and regulations under the ISDEAA do contain clear substantive and temporal requirements for approval or declination of funding requests. And it is acknowledged in this case that the BIA did not comply with the declination criteria and other regulations – a failure the Court has found to be "arbitrary and capricious." The appropriate remedy is for the Court to order the BIA to award and fund APIA's past AFAs as required by Section 110 of the ISDEAA, and direct the BIA to decide all future funding under procedures prescribed by the ISDEAA and Department regulations.

## **CONCLUSION**

The Court in this case correctly found that "the BIA's decision not to apply its Declination Criteria and other applicable regulations to APIA's request [for funding] was arbitrary and capricious." Mem. Op. at 17. The controlling law on declination requires either approval of a funding proposal within 90 days of a request or else a written notification with a specific finding that one of the five statutory criteria justifies denial of request. Thus, the BIA's acknowledged failure to make such declination decisions renders APIA's requests approved by operation of law, a conclusion directly supported by the *Cheyenne River Sioux* case.

APIA respectfully requests that the Court grant its request for partial reconsideration and modify its Memorandum Opinion and Order to find that APIA's funding requests, where the BIA has not made proper declinations, were approved by operation of law. Remand would not allow the BIA to decide "in the first instance" whether to approve APIA's past contracts, Mem. Op. at 17, but permit the agency a second chance to do so, while avoiding the consequences of its

- 12 -

decision to flout the ISDEAA and its regulations the first time around.  APIA therefore respectfully asks this Court to grant its motion for reconsideration of that portion of the Court's Memorandum Opinion and Order pertaining to remand, and direct relief consistent with the requirements of the ISDEAA.

               Respectfully Submitted,

               _____/s/_____
               F. Michael Willis (D.C. Bar No. 467462)
               Geoffrey D. Strommer
               HOBBS, STRAUS, DEAN & WALKER, LLP

               Attorneys for the Aleutian Pribilof Islands Association

DATED: February 15, 2008.