UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ALEUTIAN PRIBILOF ISLANDS ASSOCIATION, INC., <br><br>    Plaintiff, <br><br>    v. <br><br> DIRK KEMPTHORNE, in his official capacity as Secretary of the Interior, U.S. Department of the Interior, *et al.* <br><br>    Defendant. | Civil Action No. 06-2173 (CKK) |

**MEMORANDUM OPINION**
(March 14, 2008)

Currently before the Court is Plaintiff Aleutian Pribilof Islands Association, Inc.'s ("APIA") Motion for Partial Reconsideration of the Court's February 11, 2008 Order and accompanying Memorandum Opinion. Defendants Dirk Kempthorne, in his official capacity as Secretary of the Interior, Niles Cesar, in his official capacity as Regional Director, and the Bureau of Indian Affairs Office of Self-Governance (collectively, "the Secretary"), filed an Opposition to APIA's Motion on March 7, 2008, and APIA filed a Reply on March 14, 2008. After thoroughly reviewing the Parties' submissions, including the attachments thereto, applicable statutes, case law, and regulations, the Court shall deny APIA's [30] Motion for Partial Reconsideration for the reasons that follow.

APIA properly brought the instant motion under Federal Rule of Civil Procedure 54(b). Pursuant to Rule 54(b),

> any order or other form of decision, however designated, which
> adjudicates fewer than all the claims or the rights and liabilities of

> fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

The standard for determining whether or not to grant a motion to reconsider brought under Rule 54(b) is the "as justice requires" standard espoused in *Cobell v. Norton*, 355 F. Supp. 2d 531, 539 (D.D.C. 2005), which requires "determining, within the Court's discretion, whether reconsideration is necessary under the relevant circumstances." *Id.* *See also Singh v. George Washington University*, 383 F. Supp. 2d 99, 101 (D.D.C. 2005). Considerations a court may take into account under the "as justice requires" standard include whether the court "patently" misunderstood the parties, made a decision beyond the adversarial issues presented, made an error in failing to consider controlling decisions or data, or whether a controlling or significant change in the law has occurred. *See Singh,* 383 F. Supp. 2d at 101.

APIA's Motion for Partial Reconsideration fails to persuade the Court that reconsideration is warranted. The Court's February 11, 2008 Order remanded this case to the BIA to determine, in the context of the appropriate statutory and regulatory criteria, whether the BIA should have approved APIA's requests for Section 14(h)(1) funds for fiscal years 2006, 2007, and 2008. The various factual and legal disagreements between the Parties, as reflected in their submissions to the Court, only underscore the necessity of a remand to the BIA to explain, in the first instance, whether it should have granted APIA's requests for the above-referenced fiscal years. While both Parties invite the Court to "remove" fiscal year 2006 funds from the BIA's determination and decide the appropriate remedy as to those funds, the Court declines this invitation. The BIA's decision as to whether APIA should have been awarded the Section

14(h)(1) funds for fiscal year 2006 may have implications for its 2007 and 2008 fiscal year funding requests.  *See* 25 C.F.R. § 900.32.  Moreover, the Court's February 11, 2008 Order held in abeyance APIA's claims brought under the Indian Self-Determination and Education Assistance Act, 25 U.S.C. §§ 450 *et seq.*, and the Court declines to decide remedies pursuant to that statute on a piecemeal basis.  Instead, the Court shall consider appropriate remedies only after the Parties' legal arguments and the record have been fully developed – not after *ad hoc* reconsideration briefing and a review of an incomplete factual record.[1]

## CONCLUSION

For the reasons set forth above, the Court shall deny Plaintiff's [30] Motion for Partial Reconsideration.  An appropriate Order accompanies this Memorandum Opinion.

Date:    March 14, 2008

  /s/
COLLEEN KOLLAR-KOTELLY
United States District Judge

---

[1] Pursuant to the Court's February 11, 2008 Order, the BIA must reissue its decision regarding APIA's Section 14(h)(1) requests no later than May 12, 2008.  The Court notes that this deadline remains unaffected by APIA's Motion for Partial Reconsideration and this Court's Order and Memorandum Opinion.  If outstanding issues remain following the BIA's decision, an expedited briefing schedule and an expedited decision by the Court may be appropriate.