UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ALEUTIAN PRIBILOF ISLANDS ASSOCIATION, INC., <br><br> Plaintiff, <br><br> v. <br><br> DIRK KEMPTHORNE, <br> Secretary of the Interior, <br> United States Department of the Interior, et al., <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Civil Action No. 06-2173 (CKK) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## STIPULATION OF SETTLEMENT AND DISMISSAL

Plaintiff, Aleutian Pribilof Islands Association, Inc. and Defendants, Dirk Kempthorne, in his official capacity as Secretary of the Interior, Niles Cesar, in his official capacity as Regional Director, Alaska Region, and Bureau of Indian Affairs Office of Self-Governance, (the "Parties") hereby agree that a settlement in this matter has been reached and stipulated to as follows:

WHEREAS, Plaintiff has filed the above-captioned civil action now pending before the United States District Court for the District of Columbia, styled <u>Aleutian Pribilof Islands Association, Inc. v. Dirk Kempthorne, Secretary of the Interior, United States Department of the Interior, et al.</u>, Civil Action No. 1:06CV02173 (CKK) (the "Litigation"), alleging, <u>inter alia</u>, a violation of the Administrative Procedures Act; and

WHEREAS, Defendants have denied the allegations in the above-captioned civil action; and

WHEREAS, in return for the mutual promises specified herein (the "Agreement"), the Parties have agreed to resolve the Litigation and release any further rights and claims that they

have or may have against each other, including, without limitation, any and all such claims that have or could have been asserted in connection with the Litigation and any and all claims for equitable and monetary relief, including, without limitation, claims for attorneys' fees costs and other economic damages;

**NOW THEREFORE**, in consideration of the mutual promises specified herein, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties agree as follows:

1. Defendants agree to transfer to Plaintiff by modification of its Annual Funding Agreement ("AFA") the following amounts relating to the Fiscal Year ("FY") 2006 Alaska Native Claims Settlement Act ("ANCSA") Section 14(h)(1) program: direct program funding of $73,379, associated contract support of $26,238, and interest of $13,097.

2. Defendants agree to transfer to Plaintiff, by modification of its AFA, contract support in the amount of $27,003 associated with the FY 2007 ANCSA Section 14(h)(1) program, together with interest in the amount of $2,851.

3. Defendants agree to transfer to Plaintiff, by modification of its current AFA, FY 2008 ANCSA Section 14(h)(1) program funding in the amount of $73,379, together with associated contract support in the amount of $35,494, and interest in the amount of $4,786.

4. Defendants agree to utilize electronic transfer drawn on the Treasury of the United States to deposit in the trust account of Plaintiff's attorneys, Hobbs, Straus, Dean & Walker, LLP, an amount for attorneys fees and costs totaling $165,000.

5. The funds transferred specified in Paragraphs 1 though 4 above, in the total amount of $421,227 shall be in full and complete satisfaction and settlement of any and all claims,

demands, rights, and causes of action of whatsoever kind and nature incurred in connection with the Litigation.

6. The funds transfers specified in Paragraphs 1 through 3 above will be made by AFA modification to include the amounts stated. Such transfers by AFA modification will be made within 10 business days of the date of Court's execution of this Agreement, as will the fund transfer specified in Paragraph 4 above.

7. By this Stipulation, Plaintiff waives, releases and abandons any and all claims, whether asserted or unasserted, against Defendants and/or its agents, servants or past or present employees, officers or representatives, that arose as a result of this Litigation, up to the date of this Agreement. Such waived, released, and abandoned claims include, but are not limited to, the above-styled litigation and any other complaint filed or pending in any other forum whatsoever, as well as any and all other claims arising out of the events involved in this Litigation up to the date Plaintiff executes this Stipulation. This Stipulation also shall include all Plaintiff's claims for attorney's fees and costs incurred in connection with any administrative filings and processes, the District Court litigation process and any other proceedings involving the claims raised in this matter.

8. Plaintiff agrees not to institute any other actions, charges, complaints, appeals or other proceedings against Defendants and/or its agents, servants or past or present employees, officers or representatives concerning matters directly related to this Litigation which he knew or should have known as of the date on which the Parties sign this Agreement.

9. Plaintiff, by its representative, acknowledges that it has read this entire Stipulation and that it understands all of its terms and conditions. Plaintiff acknowledges that its attorney has

3

reviewed and explained the provisions of this Agreement to its satisfaction and that Defendants have provided reasonable and sufficient time for this purpose. Plaintiff understands that by executing this Agreement it is relinquishing any rights or claims that arose or could have arisen out of all the facts that form the basis of any complaint in this matter.

10. Execution of this Agreement shall not constitute a finding by the Court or an admission by Defendants that they violated any laws or regulations as alleged in the complaint, or that there was any wrongful conduct whatsoever. The Defendants deny that any of its agents, servant, or employees, past or present, violated any laws or regulations as alleged in the complaint, or that there was any wrongful conduct whatsoever.

11. This Agreement is entered into by both parties for the sole purpose of compromising disputed claims and avoiding the expenses and risks of further litigation.

12. Subject to availability of appropriations, Defendants agree that the amount of $73,379 for the ANCSA § 14(h)(1) program for FY 2009, plus associated contract support will be included in Plaintiff's FY 2009 Annual Funding Agreement and will be included in Annual Funding Agreements after FY 2009 as recurring funds in accordance with the Indian Self-Determination and Education Assistance Act and regulations as applicable.

13. Both parties agree to engage in reasonable good faith negotiations consistent with Title IV of the Indian Self-Determination and Education Assistance Act and applicable regulations, to establish a specific scope of work which will assure completion of ANSCA Section 14(h)(1) conveyance-related tasks in connection with 2008 and 2009 and any future Annual Funding Agreements.

14. This Agreement shall become effective only upon execution by all of the Parties,

however, this Agreement may be executed by the parties in several counterparts and shall constitute one Stipulation of Settlement and Dismissal. The Parties further agree that a facsimile of the signatures of the parties and counsel will be the same as the original.

15. This Agreement shall be binding upon and inure to the benefit of the Parties and their respective successors and assigns.

16. This Agreement shall become effective upon the Court's entry of this Agreement and at that time shall be the final expression of the Parties' full, final, and complete Settlement Agreement.

17. Each of the respective rights and obligations of the Parties contained in this Stipulation shall be deemed independent and may be enforced independently irrespective of any other rights and obligations set forth herein.

18. The Parties understand that this Stipulation contains the entire agreement between Plaintiff and Defendants; that no promise or inducement has been made except as set forth herein; and that no representations, oral or otherwise, between Plaintiff and Defendants, or their respective counsel, not included herein shall be of any force and effect.

19. This Agreement cannot be altered, modified, withdrawn, rescinded, or supplemented in any manner after the date on which it is entered by the Court, unless mutually agreed to in writing by the Parties.

20. Execution of this Agreement by counsel for the Parties shall constitute a dismissal of this action with prejudice, pursuant to Rule 41(a)(1)(ii) of the Federal Rules of Civil Procedure, except that the Court shall retain jurisdiction to resolve a claim of non-compliance with the terms of this Agreement.

In witness whereof, the parties hereto, intending to be legally bound, have stipulated and agreed to the foregoing as of the 12th day of August, 2008.

Respectfully submitted,

*[signature]*
DIMITRI PHILEMONOFF
President and Chief Executive Officer
Aleutian Pribilof Islands Association, Inc.

*[signature]*
DENNIS J. HOPEWELL,
Acting Regional Solicitor, Alaska Region
United States Department of the Interior

*[signature]* by SDO
F. MICHAEL WILLIS, DC BAR #467462
GEOFFREY D. STROMMER
Hobbs, Straus, Dean & Walker, LLP
806 SW Broadway, Suite 900
Portland, Oregon 97205
ATTORNEYS FOR PLAINTIFF

*[signature]*
JEFFERY A. TAYLOR, DC BAR #498610
United States Attorney

*[signature]*
RUDOLPH CONTRERAS, DC BAR #434122
Assistant United States Attorney

*[signature]*
MARIAN L. BORUM, DC BAR #435409
Assistant United States Attorney
Civil Division
555 Fourth Street, N.W.
Washington, D.C. 20530
202-514-6531
ATTORNEYS FOR DEFENDANTS

SO ORDERED, this _____ day of _____, 2008.

_____
COLLEEN KOLLAR-KOTELLY
United States District Judge